IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-455-F |
| ) | [WO] |
| ) | |
| ATICA J. HELNIS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Frank James ["James"], a state inmate confined in the Montgomery County Detention Facility, challenges the constitutionality of his probation revocation. James names Atica J. Helnis, his probation officer, as the sole defendant in this cause of action. He seeks declaratory relief and immediate release from confinement. *Plaintiff's Complaint* at 3.

Upon review of the allegations contained in the instant complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

On August 16, 2004, defendant Helnis charged James with violating the conditions of his probation. *Plaintiff's Complaint* at 2. Approximately eight months later, the Circuit Court of Montgomery County, Alabama revoked the plaintiff's probation. *Id*. at 3. The plaintiff asserts that he did not violate the condition of his probation with respect to the consumption of controlled substances as alleged by the defendant and argues that the trial court failed to conduct his revocation hearing within the requisite period of time. *Id*. James therefore complains that his incarceration based on such revocation is illegal and requests "to be release[d]" from confinement. *Id*.

The challenge to plaintiff's probation revocation and resulting incarceration provides no basis for relief at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).[2] In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come

---

[2]Since the plaintiff specifically seeks immediate release from confinement, the opinion issued in *Wilkinson v. Dotson*, ___ U.S. ___, 125 S.Ct. 1242 (2005) is not applicable to this case.

2

within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Heck*, 512 U.S. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The plaintiff fails to demonstrate that the probation revocation he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on this adverse action undertaken by the Circuit Court of Montgomery County, Alabama is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that the plaintiff presently has no cause of action under § 1983 with respect to a claim challenging the validity of his probation revocation and this claim is therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenges to the revocation of his probation and his current incarceration based on such revocation be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. This case be dismissed prior to service of process.

It is further

ORDERED that on or before June 1, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done this 23rd day of May, 2005.

                                      /s/ Vanzetta Penn McPherson
                                      UNITED STATES MAGISTRATE JUDGE